Jeff Land from Memphis represent the appellants Mr. Larry Presson and Mrs. Marilyn Presson and I would like to reserve two minutes for rebuttal please. Your Honor, this case arises out of a construction contract to build a residential home, a vacation home in Poplar Bluff, Missouri. Mr. Presson hired an attorney in Nashville to prepare a construction contract for this purpose. He sent, the facts will show, as set forth in the complaint and in his undisputed declaration, the only sworn evidence in the record, will show that he sent the word version of this construction contract to Mr. Haga who owns Indian Creek Builders. The record indicates that Mr. Haga or his attorney inserted a forum selection clause that... Well now this is disputed. That is the most important part of what I have to say this morning, Your Honor. But how was this question of not freely negotiated, fraudulently inserted, how was that raised and preserved in the district court? How is it raised and preserved in the... I mean we have a forum non-convenience ruling, right? Yes, Your Honor. And I suspect that district courts are allowed to inquire into fact disputes just like you can in Rule 1. Yes, Your Honor. Rule 12b1. So how did you press this issue which I The district court erroneously inserted in its first motion, in its first order of motion to dismiss it, at joint appendix page 129, says neither party agrees about who actually drafted the forum selection clause. That's simply not clear. But I'm going beyond that. How did you, all the district court said almost in passing is nobody contends that this is unconscionable. That tells me that what you want to argue so fervently on appeal wasn't preserved. How did you preserve it? The question of whether you can't, you can't enforce, this is, this is unenforceable because it was fraudulently inserted. However you wanted to argue it to the district court, how did you press that issue to the point where Judge Limbaugh just says in passing nobody argues this? Unconscionable is a word that certainly would have come to your mind if you were, if you were urging the court to not enforce the forum selection clause because of the drafting dispute. And yet the court declares no one said, argued that. So you tell me chapter and verse in the record on appeal, how you preserved that. Your Honor, our position regarding the forum selection clause is that it's vague and ambiguous and because of that should not be enforced. Okay, but now I want to answer my question. Chapter and verse, tell me in the record on appeal how you raised this issue and what you argued to the district court. That the forum selection clause in itself is unconscionable? No, the fraudulent, the fraudulent insertion. However you wanted to couch the argument that you can't enforce this because of the way it was smuggled into the contract without my client's knowledge, despite the fact that my client and I read it. It was raised in the appellant brief, Your Honor, regarding. Appellant's brief is not, that's foreclosed. How was it preserved in the district court? Then we can proceed with it on the merits. I don't see that it was preserved regarding that. I think you better go to other arguments because I don't see any, even, even, I don't see any way we could call this plain error. Your Honor, another argument that we have is, is regarding the fact that forum selection clauses are a waste of judicial resources. The district court cites to at least 20 cases dealing with ambiguous forum selection clauses. Another case we rely on, Bowdoin Electric versus Viking Access, also sets forth another 20 different cases. That court, and I understand that that's a presidential, but the, the rationale and the reasoning in that case is that why should appellate courts continue to entertain vague and ambiguous forum selection clauses when it's simple to insert whether. Counsel, what's ambiguous about this clause? The fact that it leaves out two terms. One is that it Well, how many courts are in the county? There is no federal court in Butler County. There's only the state court. However, there's a handful of cases that the district court refers to and Bowdoin refers to. But Bowdoin had a county with multiple courts. You're right, your Honor. Bowdoin has a federal court sitting in impact or affects the reasoning of the court in Bowdoin and the logic there is why should courts continue to entertain vague and ambiguous forum selection clauses and Bowdoin in that court said that because it's ambiguous or the drafter of the forum selection clause filed for a remand when the non-drafter filed suit in federal court, the drafter filed for remand had remanded to state court. But the, the judge in Bowdoin said it's not clear. They didn't say state court. They didn't say federal court. We've, we get so many of these sorts of cases to interpret whether it means this or that. We're not going to continue to I'm sorry, your Honor. Was it a removal case or did the plaintiff choose the federal court in Bowdoin? The plaintiff chose the federal court. The defendant drafted the It was Cook, it was Cook County. Yes, your Honor. And the defendant drafted the ambiguous. How, how ambiguous? It's exactly. It just said Cook County? A court in Cook County exactly like the forum selection clause. Except there, there are, there is a huge federal court. Yes, your Honor. In, in Cook County and there's no federal court in Butler County. But the court found. There, the only ambiguity in, in Bowdoin was to not say state and federal court. Right, your Honor. Located in. It just said court. Yes, your Honor. Although there's at least one or two cases that Bowdoin mentions of being ambiguous. One, declining to remand where a forum selection clause did not unambiguously preclude litigation in a federal forum. Another one, finding forum selection clause. Is there any other authority that seizes on this ambiguity point? I know there are cases that deal with, with clauses that don't clarify, that don't make this clear. Right. Is there any other case that says the, the ambiguity is the end of the, is the end of the road for the clause? Yes, your Honor. I think Bowdoin stands. I said any other case. Another case besides. Give me a, an appellate court anywhere. Seventh Circuit Court of Appeals, an opinion written by Judge Posner, says the purpose, the Seventh Circuit notes, the purpose of requiring that a forum selection clause be clear and specific is to head off disputes over where the forum selection clause directs that the suits be brought. And it's, a first year law student could draft a clear and ambiguous forum selection clause. Simply say. What was that case? Is it, is it in your brief? It, it is IFC Credit Corp. versus Aliano Brothers General Contractors, 2006, Seventh Circuit, your Honor. That's not in your brief. It, we were, we referenced Bowdoin and Bowdoin references it, your Honor, and I may not have. Well then we need a 28-day letter. Yes, your Honor. I apologize for that. I think that the law is clear that innumerable number of these sorts of cases clog the appellate system and unless the courts rule consistently that, unless it's clear and unambiguous, unless it's clear and specific as Judge Posner says. How many times, how many Eighth Circuit cases are there addressing this issue? I'd say. How many times have we been flooded? I would say that a handful. I don't have that number memorized. I don't mean District Court. I mean the Eighth Circuit Court of Appeals. Because in 30 years I've never encountered the issue. The District Court might. I'm just wondering about the flood. Yes, your Honor. At least the Cook County District Court says no less than eight times in the past eight years has a similar forum selection clause been the center of a dispute over the proper forum for litigation. Such disputes consume valuable court resources. The court will not countenance sloppy draftsmanship and invite future litigants to continue drafting ambiguous forum selection clauses. And I think this case is, again, it's not precedential. The reasoning and the logic, the practical logic is sound. I believe that it should control the court's ruling that issue. Once the District Court ruled on its order on the first motion to dismiss based on the forum selection clause, then it entered a second motion to dismiss finding that Indian Creek Investments' civil conspiracy claim no longer existed since, based on its ruling in the first order, there was no longer any co-conspirators. If the court finds that the forum selection clause is vague and ambiguous and reverses the ruling in the first order, then that would render moot the court's decision in the second order granting motion to dismiss since then there would be co-conspirators. And that was the only basis for the court's ruling in its second order to dismiss is that there were no longer any co-conspirators. But if we affirm on the other dismissal, you're preserving this? You're repressing this issue? No, Your Honor. If the court affirms the first order, then the second order de facto would be affirmed on that issue. Including the declaratory judgment issue? No, Your Honor. I'd like to address that at this point. The court ruled that since Indian Creek Investments was not a party to a contract, therefore there is no actual controversy. I disagree with that logic, Your Honor. It appears that the Indian Creek Investment Corporation was a beneficiary to that contract, and the fact that it was a beneficiary to that contract, that in itself creates the actual controversy. What is the claim against ICI on that theory, and how was it pleaded? The claim against ICI is that Michael Hager... No, no, no. The cause of action. The cause of action? Yes. Give me a cause of action. I can think of one, but there's certainly not one hinted in your brief. Receiving the ill-gotten gains, the ill... Wait, wait, wait. I've never heard of a... Is that a tort or a contract claim? Is Mr. Hager transferring funds in... No, no, no. Mr. Hager is not in the case, because one and two have been affirmed, hypothetically. Yes, Your Honor. And so that's why you agree issue three in your brief is gone, and we're talking about issue four, and I asked if that was gone. And you said no, and now we have what is... My question is, what's the cause of action against ICI alone, based on the assertion, which probably requires more than a 12B6, that it received benefits of Hager's... Fraudulently gains benefits as the alter... ICI is a fraud. It's committed a fraud only as a conspirator. As a conspirator and as a... Sounds to me like an unjust enrichment claim. And as the alter ego of... What cause of action is that? I've never heard of an alter ego cause of action. I have... I've read a lot of treatises, contract and tort. That isn't the chapter heading. What's the cause of action? That ICI wrongly benefited from the funds that were transferred into it. Okay, but what's the wrongfulness? What's the cause of action that defines wrongful in this context? Conversion. Was it pled? I don't think so. I don't... My problem... I thought you'd say unjust enrichment, and I was going to... And the next question, of course, is was that pled? Because it's quasi-contractual. And if it's quasi... even quasi-contractual, it seems to me that claim would go out with the form... You know, with the contract claims. Yes, Your Honor. I agree with that. So how do we... How do we save this DJ against ICI as a standalone claim? With no conspirators and no contract basis remaining. And I can't recall right now whether conversion was pled or not. Okay. I see my time is up. Thank you so much, Your Honor. Mr. Howard. Good morning, Your Honors. May it please the Court? Your Honor, my name is James Howard, and I represent Mr. Haga, Indian Creek Investments and Indian Creek Builders in this matter. Back in August of 2018, Judge Limbaugh dismissed this lawsuit, and we're here seeking that dismissal to be affirmed. Your Honors, I'm happy to walk through arguments relating to enforceability, which would be reviewed under the abuse of discretion standard. You seem to have some pretty poignant questions about there not being any evidence... on that topic. You think it was preserved? No, I do not. That's what I was going to walk you through, that I do not believe it was preserved. And if you'd like to go into it, I'm happy to walk you through that, but I think our time might be a little bit more wisely spent talking about interpretation and ambiguity, which has also been raised here. Your Honor, this, of course, is a de novo review looking at the interpretation of this clause. But this clause is, as discussed, unambiguous, it is mandatory, and it requires filing of this lawsuit in the Circuit Court of Butler County. The case discussed at length, Bodine, is a 2009 case in the Northern District of Illinois. And it does point out, as discussed, that a very similar clause requiring a lawsuit filed in Cook County was ambiguous, but as the Court pointed out, there are two courts. There is a very large federal court and a circuit court, state court, in that county, making that an application, an ambiguous clause. The actual more applicable case to what we have here is also a Northern District of Illinois case. And both of these were discussed by Judge Limbaugh in his opinion. But this is the SOMPO Japan v. Alarm case. In that, again, we have a very similar form selection clause that states that the suit must be filed in Kane County. And in that position, in that county, there was only a state court, no federal court. And what the Northern District of Illinois Court held in there was that a form selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county. This is on point, Your Honor, in terms of an application to the facts we have here, which is Butler County, a county with a circuit court, but no federal court sitting in that jurisdiction. Judge Limbaugh then took his analysis, looking at all these cases that he found, noting there was a split of authority, and together was able to state in his order that he was agreeing with the, quote, overwhelming weight of authority, finding that form selection clauses which designate a particular county without said county having a federal court located in it, to require at minimum that the plaintiff bring suit in that county. And that is specifically what we're asking this court to affirm. This is not talking about removal. This is not talking about anything about a county that has multiple courts to review. This is simply asking that the court follow this particular order and interpret it as stated that the parties shall file in a court of competent jurisdiction in Butler County. Your Honor has asked about some other cases to rely on. I'd point you to Milk and Moore, which is a Tenth Circuit case where the selection clause said that it needs to be filed in Johnson County, and the court held it needs to be in Johnson County. Both Judge Limbaugh and we cited that in our brief. Looking at the Ninth Circuit, and I apologize, I don't have the year written down, but in the Ninth Circuit there was a case, Dock Sides, also cited, that says that when the case needs to be in Gloucester County, that it only can be in Gloucester County. Now those cases involve removal and whether or not the right to remove has been lost. And that's a whole separate issue that's not in front of this court right now. But those are specifically, especially talking about our issue, which is a minimum just originating the case, that this case needs to be at least filed in Butler County. And the only way that's possible is to do it in the Circuit Court of Butler County. And that court is more convenient, I guess you point out in the brief. It is actually, Your Honor. To both plaintiff and defendant. It is actually. The federal court in Cape Girardeau. It is. If you look at their home they still, I believe, have in Tennessee, it's actually 17 miles closer to their home, Poplar Bluff is, as opposed to Cape Girardeau. And then, you know, that kind of goes to the fraud issue, or the enforcement side is, there's not even an argument here that this somehow is going to eliminate their ability to have their day in court. They can have their day in court, it just has to be in Butler County, the Circuit Court of Butler County. And that's what we're asking the court to affirm. Your Honor, just talking briefly about. What was the evidence on how it was drafted? Well, no evidence. Discovery has never been conducted in the matter. The pleadings that were issued by opposing counsel stated that the contract was drafted by the plaintiff's lawyer, who then gave it to plaintiff, who then in turn sent it in word format to Mr. Haga. It's then alleged that Mr. Haga, or he or his lawyer, changed it and then sent it back. Okay, so there was never any evidence though? No, no evidence. And our position simply is that we've just stated in our belief, we dispute that, but it's not at issue here. We're basing it on, and Judge Limbaugh's decision was based on those facts. Well, he says they can't agree on who drafted it, which might be another way of saying this dispute that you just described is unresolved. Right. He thought it was unnecessary to resolve it, which I guess would mean that he thinks you win even if your man did slip this in and send it back. So why isn't that before us? If he's arguing no, that would make a difference. Well, Your Honor, frankly, I don't think it would make a difference because the facts that were presented to Judge Limbaugh, which is what he had to go on when he was making his decision, are that the changed contract, whether it was slipped in or however we want to word it, the changed contract was given to Mr. Presson, and he had it, and he could have read it. In fact, he alludes in his own pleadings that he looked at it, figured that was all just boilerplate stuff, and didn't bother. So he had that time. This isn't a question of superior knowledge because superior knowledge requires that the party with the lesser knowledge can't gain the knowledge and be at the same level. Missouri law is very clear. If you sign a contract, you're deemed to have understood it. And it was presented to him. The word slip in obviously has connotation. The contract was changed. Well, his implication is you didn't write back and say, I've added some things. Certainly. Please let me know if it's agreeable. You just sent it back maybe as though it hadn't been changed. That's the implication. That is definitely what's been implied. But even with that, I think that's where our position is that Judge Limbaugh was accurate and did not abuse his discretion in finding that, even if that had happened, that Mr. Preston still had the opportunity to review the document and for whatever reason he chose not to or didn't understand it. But, again, that's his responsibility. He's going to sign that contract. Was rescission pled? No, Your Honor. Could not because the suit is to affirmatively enforce the contract. Exactly. The pleadings of the original petition. If rescission had been pled, rescission would, of course, knock out the form selection clause. And that goes to the heart of some basic contract law issues here. If my client could later on say, if hopefully you're in Beller County, well, I didn't understand that that was sent to us. I know your lawyer drafted it and sent it over to me and I didn't understand what that phrase meant or I didn't bother reading it. I'm certain they're going to hold it against us and say, well, you signed it and this is your responsibility to follow. And that's all we're asking. And, in fact, there's the U.S., United States of America, for use of, I can't remember my own handwriting, BUSN is a very good case on that topic, Your Honors, where it talks about having that superior knowledge. And this kind of goes to your point on maybe not telling them, hey, I changed some things. And this case is about an endowment agreement that was not read by the person who ultimately signed it. And the question was, well, is she going to be responsible for that? And it says, well, you didn't point these things out to me. And what this is talking about, the duty to disclose, may arise when you're talking about fiduciary relationships or the demonstration of a superior knowledge on the part of one party that is not within the fair and reasonable reach of the other party. Again, the ability to read the document, which was right in front of him before he signed it. Clearly, for a matter of minutes, he would have the same exact knowledge that my client would have had as well. And that's why Missouri law is very clear that when you sign those contracts, you're bound by those terms. And then briefly, Your Honor, I totally agree on the Indian Creek investments issue, on the civil conspiracy, but just to address the preparatory judgment. What do you mean you totally agree? I agree with the position that if you affirm the form not convenes motion dismissal, that the civil conspiracy would also likely need to go away. You accept counsel's concession, Your Honor? I do. I very generously accept his concession. Missouri law is a very good Missouri Supreme Court case, saying you have to have multiple parties to have a civil conspiracy. And if ICI is the only one left, there isn't enough to have that. And as it relates to the preparatory judgment against Indian Creek investments, the actual plea, and I apologize, I couldn't find it. It must be in my briefcase. But the actual, I believe, statement, it's only a one little paragraph count on the preparatory judgment, and it asks for basically an establishment of the rights and responsibilities under the contract. Talking about this construction contract. And Indian Creek investments was not a party to that contract. And that's where I think the court made its basis, that there is no controversy at issue involving Indian Creek investments, and that's one of the reasons why that case was dismissed out of here. Your Honor, I have four minutes left. I'm happy to cite any other questions. I think our position is very straightforward. We're just asking that the court affirm the district court's decision in this case. Again, Plaintiff's counsel is going to be very free to file this case in the circuit court of Butler County, and it will be litigated properly, I'm sure, through there. And that's what we'd ask to be allowed to take place. Does the statute of limitations toll if there's a federal case pending like this? Do you know? Honestly, I do not know, Your Honor. But if we're dealing with a contract, I think they'd still have time. We'd still have time, yeah. But we'd be happy to brief that if you'd like us to take a look at it. No, I just wondered if you knew. It's not an issue for us at this time. If there's nothing else, thank you, Your Honors. I appreciate it. Mr. Land, do you have some time? His time has expired, Your Honor. I think we understand the issues. I'll give you 30 seconds if you've got something specific. I agree that we understand the issues. I'm 30 seconds on this, sir. Thank you, Your Honor. Very good. Thank you, counsel. The case has been thoroughly briefed and argued, and we'll take it under advisement.